# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2758 | **DATE** | April 28, 2011 |
| **CASE TITLE** | *Hobbs v. Bank of America* | | |

**DOCKET ENTRY TEXT:**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), Mr. Hobb's complaint is dismissed without prejudice. In addition, Mr. Hobb's the motion for leave to proceed in forma pauperis [#3] is denied without prejudice. If Mr. Hobbs wishes to pursue this action, he must file a proper in forma pauperis motion and supporting affidavit, as well as an amended complaint which addresses the issues identified in this order, by May 11, 2011.

■ [ For further details see text below.]

### STATEMENT

Pro se plaintiff James Hobbs has filed a complaint and a motion for leave to proceed in forma pauperis. The motion states that the plaintiff was last employed in 2001 and provides no other information whatsoever. It is signed "James Hobbs /sp." Given the lack of specifics in the affidavit, Mr. Hobbs has failed to demonstrate that he is indigent. Moreover, based on the initials next to the signature, the affidavit does not appear to have been personally signed by Mr. Hobbs. It is not, therefore, properly before the court. *See* 28 U.S.C. § 1915; Fed. R. Civ. P. 11(a). Thus, the motion for leave to proceed in forma pauperis [#3] is denied without prejudice.

In the interests of completeness, the court also notes that in the complaint, Mr. Hobb alleges that he resides in Illinois. However, in his appearance [#4], he represents that he resides in South Carolina. The complaint and appearance purport to have been signed by Mr. Hobbs, but appear to bear the same signature as the in forma pauperis motion, which had initials next to the signature. Be that as it may, the current record fails to establish that venue is proper in Illinois, as Mr. Hobb's citizenship is unclear and the complaint does not otherwise allege that events giving rise to the FDCPA claim occurred in Illinois.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

| STATEMENT |
|---|

Moreover, the court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Regardless of venue, the allegations in the complaint are extremely vague. A complaint's request for relief must be "'plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). A complaint meets this standard when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "[N]aked assertions devoid of further factual enhancement" are insufficient. *Id*. at 1949 (internal quotation marks omitted). Because Mr. Hobb's complaint consists of precisely this – naked assertions without any supporting detail – it fails to state a claim for which relief may be granted. Thus, the complaint is dismissed without prejudice.

If Mr. Hobbs wishes to pursue this action, he must file a proper in forma pauperis motion and supporting affidavit, as well as an amended complaint which addresses the issues identified in this order, by May 11, 2011.